UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLOVERIOUS THOMAS,

                  Petitioner,       **No. 08-CV-6263(CJS)(VEB)**
     -vs-                         **DECISION AND ORDER**

JAMES F. CONWAY,

                  Respondent.

_____


       Petitioner Cloverious Thomas ("Thomas") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction following a guilty plea in New York State Supreme Court (Monroe County) to various charges including criminal possession of a controlled substance and endangering the welfare of a child. In respondent's opposition to the petition, respondent noted that Thomas was seeking to add a new factual basis for arguing that his conviction was obtained by a "plea of guilty which was unlawfully induced or not voluntarily made." Specifically, Thomas alleges in his petition that his attorney informed him prior to his plea that the trial judge had stated that "if he goes through with this [suppression] hearing I will make sure he gets 25–to life and it will run separate from his V.O.P [violation of probation conviction]." Respondent's Memorandum of Law (Docket No. 13) (quoting Petition, Ground one) (Docket No. 1). Respondent argued that since Thomas was making that allegation for the first time in connection with this habeas petition, he had failed to exhaust his state court remedies with regard to this aspect of his claim that the plea was "unlawfully induced or not voluntarily made." *Id.*

       Subsequent to receiving respondent's answer and opposing memorandum of law, Thomas

filed a motion to stay the petition stating, "I've discovered an unexhausted Constitutional claim

that <u>must</u> be addressed in the state courts . . . ." Docket No. 15 (emphasis in original). Thomas

does not indicate what the "unexhausted Constitutional claim" is, although the timing of his stay

motion suggests to the Court that it is the claim which respondent has argued is unexhausted.

In any event, the submission presently before the Court does not adequately identify the

claim or claims Thomas wishes to exhaust and fails provide the Court with a sufficient basis on

which to decide his motion to stay. In particular, Thomas has failed to provide any substantiation

with regard to this off-the-record comment allegedly made by the trial judge to Thomas' defense

counsel. Furthermore, Thomas has failed to address the criteria set forth by the Supreme Court in

*Rhines v. Weber*, 544 U.S. 268, 277-78 (2005), for granting a stay-and-abeyance.[1]  Therefore,

Thomas' request to hold this proceeding in abeyance with respect to any unexhausted claim or

---

[1]     In *Rhines*, the Supreme Court stated,

[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

. . .

And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.

. . .

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

544 U.S. at 277-78.

claims is denied without prejudice, with leave to re-file.

Accordingly,

**IT IS HEREBY ORDERED THAT** Thomas' motion to hold the petition in abeyance (Docket No. 15) is **DENIED** without prejudice subject to his re-filing the motion and showing pursuant to *Rhines v. Weber*, 544 U.S. at 277-78, that (1) there is "good cause" for petitioner's failure to exhaust the new claim or claims; (2) that the new claim or claims relate back under FED. R. CIV. P. 15 and *Mayle v. Felix*, 545 U.S. at 650,[2] to the claims originally pled in the Petition; and (3) that the new claims are potentially meritorious.

**If petitioner re-files his motion for a stay, he must do so within thirty (30) days of his receipt of this Order.  Petitioner must serve the re-filed motion for a stay on respondent's counsel.**

**IT IS FURTHER ORDERED** that to the extent Thomas seeks to add a new claim not originally set forth in the petition (Docket No. 1), he shall, in addition to re-filing the motion for a stay, file concurrently and serve upon respondent a motion to amend the petition pursuant to FED. R. CIV. P. 15 which addresses the issue of timeliness of the new claims and "relation back." If Thomas simply seeks to add the claim regarding the allegedly coercive statement made by the trial court to his attorney, Thomas does not need to attach a proposed amended petition, since that claim is already set forth in the original petition. Otherwise,  Thomas must attach a proposed amended petition to his motion to amend. In the proposed amended petition, Thomas should set forth both the claims already raised in the instant habeas corpus petition *and* the new claims he seeks to exhaust and add to this proceeding. Petitioner's motion to amend the petition must be

---

[2]        "An amended habeas petition . . . does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)]'s one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Mayle*, 545 U.S. at 650.

served upon respondent's counsel, concurrently with his renewed motion for a stay.

**IT IS FURTHER ORDERED** that should petitioner re-file his motion for a stay and a proposed amended petition, respondent shall have thirty (30) days from the date of service of those pleadings to submit an opposing memorandum of law. Petitioner shall have twenty (20) days from the date he receives respondent's opposition papers to submit a reply memorandum of law.

The Clerk of the Court is directed to send petitioner a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 as an attachment to this Order, which petitioner may use for his proposed amended petition.

**The Court points out that this Order does not in any way limit petitioner's ability to begin to pursue any *state* court remedies that may be available to him with regard to his unexhausted claim or claims independent of his habeas petition. He is advised, however, that he must fulfill the conditions stated herein for amending his habeas petition so as to present any additional claims to this Court.**

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    October 29, 2008
          Rochester, New York.