UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLOVERIOUS THOMAS,

              Petitioner,

   -vs-

JAMES T. CONWAY

              Respondent.

**DECISION AND ORDER**
**No. 08-CV-6263T**

_____

**I.   Introduction**

*Pro se* petitioner Cloverious Thomas ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered April 8, 2004, in New York State, Supreme Court, Monroe County (Hon. Francis A. Affronti), convicting him, upon a plea of guilty, of two counts of Criminal Possession of a Controlled Substance in the First Degree (N.Y. Penal Law ("Penal Law") § 220.21[1]), three counts of Criminal Possession of a Controlled Substance in the Third Degree (Penal Law § 220.16[1]), two counts of Criminally Using Drug Paraphernalia in the Second Degree (Penal Law § 220.50[2]), Criminal Possession of a Controlled Substance in the Fourth Degree (Penal Law § 220.09[1]), Criminal Possession of a Controlled Substance in the Seventh Degree (Penal Law § 220.03), two counts of Unlawful Possession of Marihuana

(Penal Law § 221.05), and two counts of Endangering the Welfare of a Child (Penal Law § 260.10[1]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

Petitioner was arraigned in Supreme Court, Monroe County, on August 12, 2003 on a thirteen-count indictment charging him with the aforementioned crimes. Some seven months later, on March 19, 2004, rather than proceeding with a scheduled suppression hearing (and ultimately to trial), and with the understanding that he would receive a sentence of fifteen years to life on two counts of the indictment and lesser concurrent sentences on the remaining eleven counts of the indictment, Petitioner pleaded guilty.

In his colloquy, Petitioner admitted that he sold a half ounce of cocaine from an apartment that he rented in the City of Rochester, which apartment contained 26.5 ounces of cocaine in a safe, and an additional 4.3 ounces of cocaine on the dining room table. Plea Mins. [P.M.] 9-15.

On April 8, 2004, after being adjudicated a second felony offender, Petitioner, citing his belief that at the time he entered his plea he "had like less than 30 minutes to decide," stated that he wished he had longer to consider the plea offer and that he now wished to withdraw his guilty plea. The court asked Petitioner if he had anything further to add, to which he indicated he did not.

The court then imposed the agreed-upon sentence. Sentencing Mins. [S.M.] 9-11.

Petitioner, through counsel, appealed his judgment of conviction on the following grounds: (1) a Fourth Amendment violation; and (2) involuntary guilty plea. See Appellant's Br., Points I-II (Resp't Ex. B). In a *pro se* supplemental brief, Petitioner raised three additional claims. See Appellant's *Pro Se* Supplemental Br., Points 1-3 (Resp't Ex. D). The Appellate Division, Fourth Department reviewed all five of Petitioner's claims, and unanimously affirmed his judgment of conviction on April 20, 2007. People v. Thomas, 39 A.D.3d 1197 (4th Dept. 2007). Appellate counsel submitted a leave application to the New York Court of Appeals, requesting review of the two issues he raised on direct appeal. See Pet'r Leave Application dated 05/04/07 (Resp't F). In a *pro se* supplemental leave application, Petitioner requested review of two of the three claims he raised in his *pro se* supplemental brief. See Pet'r *Pro Se* Supplemental Leave Application (Resp't Ex. G). The Court of Appeals denied leave to appeal on July 17, 2007. People v. Thomas, 9 N.Y.3d 869 (2007).

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) involuntary guilty plea; (2) a Fourth Amendment violation; and (3) ineffective assistance of

appellate counsel.[1]  Pet. ¶ 22, Grounds One and Three[2] (Dkt. #1).**III. General Principles Applicable to Habeas Review**

**A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court

---

[1]    Subsequent to the filing of the habeas petition, Petitioner sought and was granted a stay and abeyance for purposes of exhausting an additional ineffective assistance of appellate counsel claim. See Decision and Order of the U.S. District Court, W.D.N.Y. (Mag. Judge Victor E. Bianchini) dated 02/18/09 (Dkt. #21). Thereafter, Petitioner filed a coram nobis application with the Appellate Division, Fourth Department, which was summarily denied on November 13, 2009. People v. Thomas, 67 A.D.3d 1458 (4th Dept. 2009). On or about April 5, 2010, Petitioner filed a Motion to Lift the Stay, indicating that he had "exhaust[ed] all of [his] state remedies." See Pet'r Motion to Lift Stay, dated 03/30/10, 1 (Dkt. #22). To the extent that Petitioner exhausted his ineffective assistance of appellate counsel claim (i.e., the subject of the stay), the Court grants Petitioner's Motion to Lift the Stay (Dkt. #22) by way of this Decision and Order and will review the claim on the merits.

[2]    "Ground Two" of the habeas corpus petition is left blank. See Pet. ¶ 22B.

decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).  The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision.  Williams, 529 U.S. at 412;  accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case.  Williams, 529 U.S. at 413;  see also id. at 408-10.  "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently."  Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001).  Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable."  Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.   Exhaustion and Procedural Default**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995)." The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts. Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). However, "[f]or exhaustion purposes, 'a

-6-

federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989) (other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Id.

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice (i.e., actual innocence). See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333, 277-78 (1992).

**IV. Petitioner's Claims**

**1. Involuntary Guilty Plea**

Petitioner argues that his conviction was obtained by a "plea of guilty which was unlawfully induced or not voluntarily made." He bases this claim on the allegedly coercive nature of the following: (1) the brief time period with which the trial court afforded him to consider the plea offer; and (2) a statement that was allegedly made by the trial court judge to Petitioner's

attorney prior to the entry of the guilty plea.[3]  Pet. ¶22A. Petitioner raised this claim on direct appeal and it was rejected on the merits.[4]  See Thomas, 39 A.D.3d at 1198-99.  The latter portion of the claim, however, was not included in Petitioner's leave application to the Court of Appeals, thus rendering it unexhausted for purposes of habeas corpus review.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Nonetheless, the Court deems it exhausted but procedurally defaulted because Petitioner no longer has a state court forum available in which to exhaust the claim.  See Grey, 933 F.2d at 120.

To be constitutionally valid, a plea must be entered knowingly and voluntarily, with an understanding of its consequences.  Parke v. Raley, 506 U.S. 20, 28-29 (1992).  A "'plea of guilty entered by one fully aware of the direct consequences' of the plea is voluntary in a constitutional sense 'unless induced by

---

[3]  Petitioner alleges that, prior to his entry of the plea, his attorney informed him that the trial court judge had stated the following: "if [Petitioner] goes through with the [suppression] hearing[,] I will make sure he gets twenty-five to life and it will run separate from [Petitioner's] [violation of parole]."  Pet. ¶ 22A.

[4]  The Appellate Division, Fourth Department held as follows: "[d]efendant further contends that he should have been allowed to withdraw his plea because he was afforded only a brief period of time in which to consider the plea offered and thus was coerced into entering the plea.  Contrary to defendant's contention, the fact that a defendant is required to accept or reject a plea offer within a short time period does not amount to coercion. We reject the further contention of defendant that the plea was coerced based on the pressure felt by defendant in facing a potential sentence of 25 years to life if convicted after trial.  Trial judges are vested with discretion in deciding plea withdrawal motions because they are best able to determine whether a plea is entered voluntarily, knowingly and intelligently and, here, the court did not abuse that discretion.  Thomas, 39 A.D.3d at 1198-99 (internal citations and quotations omitted).

threats, misrepresentations, or perhaps by promises that are by their nature improper.'" Bousley v. United States, 523 U.S. at 619 (ellipses omitted) (quoting Brady v. United States, 397 U.S. at 744).

**(A) INVOLUNTARINESS OF PLEA BASED ON ALLEGED BRIEF PERIOD OF TIME IN WHICH TO CONSIDER PLEA OFFER**

First, Petitioner contends that he was coerced into entering the guilty plea because he was afforded only a brief period of time in which to consider the plea offer, thus rendering the plea involuntary. Petitioner's claim is meritless.

During the plea colloquy, Petitioner admitted to each element of criminal possession of a controlled substance in the first, third, fourth, and seventh degrees; criminally using drug paraphernalia in the second degree; unlawful possession of marijuana; and endangering the welfare of a child. P.M. 9-18. The record also reflects that Petitioner discussed the plea of guilty with his attorney, and that he intended to enter the plea with the advice and consent of his attorney; he acknowledged the rights he was waiving as a result of the plea (one of which was the right to a trial); that no one was forcing him to plead guilty and that he was doing so freely and of his own volition; that he possessed the knowledge and mental capacity to understand the nature and consequences of the plea; that his physical and/or mental capabilities were not impaired; and that he understood the terms of his sentencing. P.M. 5-8. Petitioner contends -- despite the

extensive plea colloquy that was conducted by the trial court –- that he was coerced into entering the guilty plea because he was afforded "like less than 30 minutes" to consider the plea offer. Pet. ¶ 22A. The Court finds Petitioner's argument unavailing. There is nothing in the record that suggests that Petitioner entertained any reservations about entering the guilty plea and/or that he felt coerced into doing so because of time constraints. Rather, the record reflects that a thorough plea proceeding was held, at which the trial court explained the rights Petitioner was forfeiting by pleading guilty, stopping repeatedly to confirm Petitioner's understanding of the terms of the plea offer. See P.M. of 03/19/04. That Petitioner was given a specific time frame within which to consider the plea offer is not sufficient to show that he was coerced into entering a plea of guilty. See, e.g., Alexis v Smith, 03 Civ. 391 (SAS), 2003 U.S. Dist. LEXIS 19075, *13 (S.D.N.Y. Oct. 24, 2003) ("Nor is the imposition of a deadline by which a defendant must accept or reject a plea considered undue pressure as pleas in both state and federal court are commonly subject to time limits."); Rosa v. United States, 170 F. Supp. 2d 388, 405 (S.D.N.Y. Sept. 24, 2001) (finding plea was voluntary despite one hour deadline where defendants expressed desire to plead near conclusion of trial).

Accordingly, the Court finds that the state court's adjudication of this claim was not contrary to or an unreasonable

application of settled Supreme Court law. This portion of Petitioner's claim is, therefore, denied.

### (B) INVOLUNTARINESS OF PLEA BASED ON STATEMENT ALLEGEDLY MADE BY TRIAL COURT JUDGE TO PETITIONER'S ATTORNEY

Petitioner also contends that he was coerced into pleading guilty based on a statement that was allegedly made by the trial court judge to Petitioner's attorney. As discussed below, this portion of Petitioner's claim is procedurally barred from review by this Court.

For exhaustion purposes, 28 U.S.C. § 2254(b)(1)(A) requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842. This includes filing an application for discretionary appellate review with the State's highest court if that right is available by statute. Id. at 845; accord Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000); Galdamez v. Keane, 394 F.3d 68, 72 (2d Cir. 2005).

Here, Petitioner filed a *pro se* supplemental leave application for discretionary review with the New York Court of Appeals, but requested that the court review only two of the three issues he raised in his *pro se* appellate brief.[5] See Pet'r *Pro Se*

---

[5] In his *pro se* supplemental leave application, Petitioner requested that the Court of Appeals review "the main points of [his] supplemental [appellate] brief (point 1 page 6, point 3 page 8)." Pet'r *Pro Se* Supplemental Leave Application, pg. 1 (Resp't Ex. G). These points were both related to alleged deficiencies in the indictment/grand jury proceedings. See

Supplemental Leave Application (Resp't Ex. G). Petitioner's failure to request review of his claim that he was coerced into entering a plea of guilty based on a statement that was allegedly made by the trial court judge to Petitioner's attorney renders said claim unexhausted for federal habeas review purposes. See Grey, 933 F.2d at 120-21 (finding Petitioner's habeas claims procedurally forfeited where Petitioner did not expressly request state's highest court to review all claims previously argued in his appellate brief); see also Jordan v. LeFevre, 206 F.3d 196 (2d Cir. 2000).

In this case, however, Petitioner's claim is deemed exhausted because state appellate review is no longer available to him. Petitioner cannot again seek leave to appeal the claim in the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. See N.Y. Court Rules § 500.20. Moreover, collateral review of this claim is also barred because Petitioner previously raised this claim on direct appeal, and the Appellate Division rejected it on the merits. See N.Y. Crim. Proc. L. ("C.P.L.") § 440.10(2)(a). Although the claim is deemed exhausted, it is procedurally barred from habeas review by this Court.

A finding of procedural default bars habeas review of the federal claim unless Petitioner can show cause for the default and

---

Appellant's *Pro Se* Supplemental Br., Points 1 and 3 (Resp't Ex. D).

-12-

prejudice attributable thereto, or demonstrate that failure to consider the claim will result in a miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 492 (1986); Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). "Cause" is defined as "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court." McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray, 477 U.S. at 488). To demonstrate prejudice, a petitioner must show more than that errors "created a possibility of prejudice, but [instead] that they worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Here, Petitioner attributes cause for the default to ineffective assistance of trial counsel. See Pet'r Coram Nobis Application, Point II, 5. A claim of ineffective assistance of counsel may establish cause for a procedural default. See Edwards v. Carpenter, 529 U.S. 446, 451, (2000); McCleskey, 499 U.S. at 494; Frady, 456 U.S. at 168. To claim that attorney error excuses a procedural default, a habeas petitioner must have properly presented and exhausted an ineffective assistance of counsel claim in the state courts. See Edwards, 529 U.S. at 453. Petitioner has done so by way of his coram nobis application; however, as discussed at Section "IV, 3" below, he is unable to make out a successful ineffective assistance of appellate counsel claim. Moreover, Petitioner has not alleged actual innocence, such that this Court's failure to review the claim will result in a

-13-

miscarriage of justice. Thus, the claim is procedurally barred from review by this Court.

Petitioner's claim that his guilty plea was "unlawfully induced or not voluntarily made" is denied in its entirety.

## 2. Fourth Amendment Violation

Petitioner's contention that his conviction was secured by evidence obtained pursuant to an unconstitutional search has been knowingly waived by his plea of guilty. Pet. ¶22 C; see Tollett v. Henderson, 411 U.S. 258, 267 (1973) (finding that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights); accord United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea. 'He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.'") (quoting Tollett, 411 U.S. at 267) (alteration in original)); see also United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary

guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea."). Petitioner's knowing and voluntary entry of the guilty plea, as discussed at "Section IV, 1" above, precludes this Court's review of the claim.

Accordingly, habeas relief is not available to Petitioner, and the claim is denied.

### 3. Ineffective Assistance of Appellate Counsel

Petitioner argues that he was deprived of his Sixth Amendment right to the effective assistance of appellate counsel based on, *inter alia*, counsel's failure to: (1) to include each and every argument presented upon direct appeal (including those Petitioner raised himself in his *pro se* supplemental appellate brief) in his leave application to the Court of Appeals; and (2) argue on direct appeal that the indictment was jurisdictionally defective. See Pet'r Coram Nobis Application, Point II. Petitioner raised these issues in his coram nobis application, which was summarily denied by the Appellate Division, Fourth Department. See Thomas, 67 A.D.3d at 1458. Summary denial of Petitioner's motion constitutes an adjudication on the merits of this claim. Sellen v. Kuhlman, 261 F.3d at 303, 311-12 (2d Cir. 2001).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his attorney's representation was unreasonable under "prevailing professional

norms," and that there is a reasonable probability that, but for his attorney's errors, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). This standard applies equally to trial and appellate counsel. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994), cert. denied, 513 U.S. 820 (1994). A petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and that absent counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful. Id. at 533-34; Smith v. Robbins, 528 U.S. 259, 285 (2000). Moreover, counsel is not required to raise all colorable claims on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, counsel may winnow out weaker arguments and focus on one or two key claims that present "the most promising issues for review." Id. at 751-53. A petitioner may establish constitutionally inadequate performance if he shows that his appellate counsel omitted material and obvious issues while pursuing matters that were patently and significantly weaker. See Mayo, 13 F.3d at 533.

As discussed below, Petitioner's claim is meritless.

**(A) Failure to Include All Issues Raised on Direct Appeal in Leave Application**

Initially, this Court notes that because Petitioner had no right to counsel for his appeal to the Court of Appeals, he had no

due process right to the effective assistance of counsel for his appeal to the Court of Appeals. See, e.g., Evitts v. Lucey, 469 U.S. 387, 394 (1985) (right to counsel is limited to the first appeal as of right); Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance).

Even assuming, *arguendo*, that Petitioner did have the right to effective assistance of counsel for his leave application to the Court of Appeals, the Court of Appeals has limited jurisdiction, and grants leave only on a discretionary basis. Thus, it was not ineffective for Petitioner's counsel to focus his leave application on the two issues that he deemed most likely to obtain a grant of leave.

### (B) Failure to Argue on Direct Appeal that the Indictment Was Jurisdictionally Defective

Petitioner faults appellate counsel for failing to argue on direct appeal that the indictment was jurisdictionally defective. See Pet'r Coram Nobis Application, Point II, 5-7. This claim fails.

At the outset, the Court notes that appellate counsel is not required to raise all colorable claims on appeal, and is permitted to focus on those that present "the most promising issues for review." Jones, 463 U.S. at 751-53. Here, the record reflects that appellate counsel did just that. Appellate counsel submitted a thorough, well-researched brief in which he persuasively argued

-17-

two issues, both of which Petitioner adopted in the habeas petition.

Furthermore, the Court need not consider whether appellate counsel's decision not to challenge the indictment on direct appeal was unreasonable under the circumstances since Petitioner cannot show that he was prejudiced by counsel's decision not to do so. See Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) ("'[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.'") (alterations in original) (quoting Strickland, 466 U.S. at 697)). Here, Petitioner raised this claim himself on direct appeal in a *pro so* supplemental brief, and the Appellate Division, Fourth Department determined that it was not reviewable insomuch as it did not "survive [Petitioner's] plea of guilty." Thomas, 39 A.D.3d at 1199. Thus, Petitioner cannot show that the outcome of his appeal would have been different, but for counsel's alleged deficiency. Failure to make such a showing is fatal to this claim.

Accordingly, the Court finds that the state court's determination of this issue was neither contrary to nor an unreasonable application of settled Supreme Court law. The claim is denied.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

---
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: August 26, 2010
Rochester, New York